Shen v. Barr

BIA
Loprest, IJ
A098 603 482

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <ins>SUMMARY ORDER</ins>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand twenty.

PRESENT:
>JOSÉ A. CABRANES,
>ROSEMARY S. POOLER,
>DENNY CHIN,
>>*Circuit Judges.*

_____

XUEHUA SHEN, AKA CHOI SUL MAE,
>*Petitioner,*

v.                                                      17-602
                                                        NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:        Xuehua Shen, Pro Se, Flushing, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney General; Keith I. McManus, Assistant Director; Juria L. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part, and DISMISSED in part.

Petitioner Xuehua Shen seeks review of a February 15, 2017, decision of the BIA affirming a May 23, 2016, decision of an Immigration Judge ("IJ") denying Shen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xuehua Shen,* No. A 098 603 482 (B.I.A. Feb. 15, 2017), *aff'g* No. A 098 603 482 (Immig. Ct. N.Y. City May 23, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings for substantial evidence and its legal conclusions de novo. *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

Shen alleged a fear of persecution in China on account of her political activities in the United States, specifically her attendance at demonstrations and two articles she posted on the internet. She had the burden of

2

proving a well-founded fear of persecution on account of her political activism, which required her to establish that her fear was objectively reasonable. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," an asylum applicant's fear of persecution is "speculative at best."). Shen could meet her burden by establishing either "a reasonable possibility . . . she would be singled out individually for persecution" or "a pattern or practice . . . of persecution of a group of persons similarly situated to [her] on account of . . . political opinion." 8 C.F.R. § 1208.13(b)(2)(iii); *see also Y.C.*, 741 F.3d at 332. Because Shen's claim was based solely on her activities in the United States, she had to show a "reasonable possibility" that Chinese authorities were aware or likely to become aware of her political activities. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). We find no error in the agency's determination that Shen failed to meet her burden.

The agency reasonably declined to credit Shen's testimony about a phone call her mother allegedly received from a Chinese official warning Shen to "be quiet." First, Shen had

no first-hand knowledge about the warning, and her mother was an interested witness not subject to cross-examination. *See Y.C.*, 741 F.3d at 334 (upholding agency's determination to give "very little evidentiary weight" to unsworn letter from petitioner's husband). Second, Shen testified that her mother sent her a letter containing this information, but she did not produce the letter. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.6 (2d Cir. 2009) ("[A] failure to corroborate can suffice, without more, to support a finding that an alien has not met h[er] burden of proof.").

Absent this warning, Shen's only evidence of the government's awareness was her speculation that Chinese authorities must be aware of her activities because they were public. That speculation is insufficient to satisfy her burden of proof. *See Y.C.*, 741 F.3d at 333–34, 336–37 (explaining that published internet article and photographs documenting petitioner's participation in protests were insufficient evidence of awareness, even where there was evidence that the Chinese government monitors online postings); *see also Jian Xing Huang*, 421 F.3d at 129. Nor did the agency err in concluding that Shen failed to show a pattern or practice of persecution of similarly situated pro-democracy activists: Shen testified that she was a low-level

member of a pro-democracy organization in the United States, and her country conditions evidence established only that the Chinese government has detained and imprisoned high-profile political dissidents whose political activism occurred principally in China. In sum, there was nothing in the record that established that low-level activists in the United States, like Shen, face persecution in China. *See Y.C.*, 741 F.3d at 334–35 (holding that persecution of high-profile activist who headed two organizations was not evidence that an individual who participated in demonstrations in United States and published a single article would be persecuted).

Because Shen did not demonstrate that she has an objectively reasonable well-founded fear of persecution, her asylum claim fails. *Ramsameachire*, 357 F.3d at 178. Shen was thus also unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010). We dismiss the petition as to Shen's CAT claim because it is unexhausted. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED in part, and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion

5

for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court